ROBERT J. GARTNER AND ROBERTA GARTNER,
APPELLANTS, v. WILSON CONCRETE CO.,
AN IOWA CORPORATION, APPELLEE.

283 N. W. 2d 389

Filed September 18, 1979. No. 42391.

John R. Hall of McDermott & Hall, for appellants.

James H. Porter of Grimminger & Porter, for appellee.

Heard before BOSLAUGH, CLINTON, WHITE, and HASTINGS, JJ., and KORTUM, District Judge.

KORTUM, District Judge.

This is an action to establish an easement by prescription across property of the defendant. The District Court held that the use of the defendant's property did not exist for the required 10-year period and

dismissed the plaintiffs' petition. The plaintiffs have appealed alleging generally that the trial court erred in determining that the plaintiffs had not established an easement by prescription. We affirm the judgment of the trial court.

The defendant, Wilson Concrete Co., is the owner of Lot 2, Bachman and Lester Subdivision of Grand Island, Hall County, Nebraska. The subdivision is a commercial area consisting of cement companies, a construction company, and a grain elevator (liquidated by 1975). Plaintiffs, Robert and Roberta Gartner, purchased Lot 3 in 1976 and the southerly parts of Lots 4 and 5 from Grand Island Elevators, Inc., in 1973.

The parcel of land in dispute here runs in a north-south direction and along the west side of Lot 2. The disputed area is approximately 60 feet wide and 719 feet long. Plaintiffs allege that this strip of land was used by them and their predecessors in title.

The evidence presented by the parties is essentially conflicting and contradictory. Plaintiff Robert Gartner testified he was in the trucking business and he used the easement road to haul grain and feed to the warehouses on Lots 4 and 5 and to the elevator scales for a period of nearly 20 years. He further testified that this usage was frequent, from one-half dozen to a dozen times a week. After Gartner purchased part of Lots 4 and 5 in 1973, he and his lessee continued to use the easement road up until it was blocked by the defendant in the fall of 1977. His testimony was corroborated by other witnesses.

The testimony for the defendant was essentially that the roadway was used by others only occasionally, perhaps one-half dozen times in the last 10 years, and that prior to 1967, when the property was purchased by the defendant, Lot 2 had been a cornfield with no track or path across it.

There is persuasive testimony that there was no access to Lot 2 from the north because of a deep ditch

on Second Street. The defendant installed a culvert in the ditch in 1968 and commenced to use it for an access to the north.

The plaintiffs' sole assignment of error is that the trial court erred in determining that plaintiffs had not established an easement by prescription.

The basic rules applicable to prescriptive easements are well settled. " 'The use and enjoyment which will give title by prescription to an easement is substantially the same in quality and characteristics as the adverse possession which will give title to real estate. It must be adverse, under a claim of right, continuous and uninterrupted, open and notorious, exclusive, and with the knowledge and acquiescence of the owner of the servient tenement, for the full prescriptive period.' " Fischer v. Grinsbergs, 198 Neb. 329, 252 N. W. 2d 619. The statutory period for the establishment of title to real estate by adverse possession is 10 years. § 25-202, R. R. S. 1943.

Plaintiffs contend the trial court did not base its decision on the evidence presented at the trial. Plaintiffs point out the comments of the trial judge in reaching his decision: "Now, there is no question but what for some period of time some traffic has been using that entryway. Now, I am familiar with that area * * * and I know that to get from Second Street into any of that property that there is enough of a ditch that there would have to be a culvert to get there, and that someone would have to have put in a culvert to establish a road. The testimony here was that the first culvert was placed there in 1968, which means that as of the closing of this road in 1977, there could not have possibly been the 10-year period of time necessary to establish an easement by right of prescription."

We, of course, consider the matter de novo here. Witness Kenneth Schmidt, testifying for the defendant, stated that the prior owner of Lot 2, the Geer-Melkus Construction Company, had let the lot stand

vacant and that there was no entrance from Second Street across the ditch from 1952 until 1967 when the lot was sold to the defendant.

James McComb, witness for the defendant, also testified that there was no access from Lot 2 onto Second Street, and that Lot 2 was essentially a cornfield from 1957 until 1966. McComb further testified that in 1967 he bladed an access road on Lot 2 to allow equipment of the defendant to move on the lot. In the fall of 1968 the defendant installed a culvert across the ditch from Second Street to Lot 2. In 1977 the defendant closed the north entrance to Lot 2 because of increasing traffic and safety problems and this lawsuit followed.

This is an action in equity and it is thus the duty of this court to try the issues of fact de novo on the record and to reach an independent conclusion on such record without reference to the findings of the District Court. § 25-1925, R. R. S. 1943; Fitch v. Slama, 177 Neb. 96, 128 N. W. 2d 377.

The determination of this case necessarily resolves itself into a decision of the weight and persuasiveness of the evidence presented by both parties. It is our conclusion that there was sufficient credible evidence in the record to establish that the plaintiffs did not meet their burden of proof to establish the 10-year period necessary to support a finding of an easement by right of prescription. We reach this conclusion independently and in view of the comments of the trial judge in his findings and conclude that such comments were substantially founded on and corroborated by the evidence adduced at trial.

On the appeal of an action in equity, when credible evidence on material questions of fact is in conflict, this court will consider the fact that the trial court observed the witnesses and their manner of testifying and accepted one version of the facts rather than the other. Shirk v. Schmunk, 192 Neb. 25, 218 N. W. 2d 433.

The judgment of the District Court is affirmed.

AFFIRMED.